**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLEAN UP THE RIVER ENVIRONTMENT<br>117 South 1st Street<br>Montevideo, MN 56265<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES BUREAU OF PRISONS<br>320 First Street NW<br>Washington, DC 20534<br><br>*Defendant.* | CIVIL ACTION NO. 26-2960<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Clean Up the River Environment ("Plaintiff" or "CURE") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Bureau of Prisons ("Defendant" or "BOP") to disclose documents requested pursuant to FOIA. Specifically, CURE is seeking documents regarding a past environmental review of a facility in Appleton, Minnesota.

2. CURE submitted a FOIA request in January 2026 seeking documents related to an Environmental Assessment for use of the Prairie Correctional Facility by the federal government. This complaint seeks to end continued non-compliance by BOP with FOIA.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to Plaintiff any of the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff, CURE, is a non-profit public interest organization incorporated in Minnesota.

9. Among other public interest projects, CURE engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. CURE focuses on the intersection of rural life and the environment, including topics such as climate, environmental health, clean energy, and governmental accountability. CURE educates and informs the public through blogs, informative video presentations, and press releases sent to

the media and shared on its web site curemn.org, as well as regular email communication to a list of supporters.

10. Defendant, BOP, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide Plaintiff with the records requested or make a final determination on Plaintiff's FOIA request within twenty working days of January 27, 2026, is a violation of FOIA.

## STATEMENT OF FACTS

12. The Prairie Correctional Facility in Appleton, Minnesota, was the state's only privately owned prison. The facility opened in 1992 and closed to inmates in 2010 due to declining state prison populations. Since its closure, state officials have repeatedly considered, but ultimately rejected, purchasing and using the facility, citing tens of millions of dollars in deferred maintenance and health and safety concerns including HVAC, electrical, plumbing, and mold remediation needs.

13. In 2025, multiple press reports revealed that the Department of Homeland Security and U.S. Immigration and Customs Enforcement (ICE) were considering reopening the Prairie Correctional Facility as part of an expansion of the immigrant detention system.

14. CURE submitted a state-level records request to several state agencies and local governmental units in October, 2025, regarding any environmental review documents associated with the Prairie Correctional Facility. The City of Appleton produced documents in January of 2026. In that January 2026 production, CURE

obtained a bad photocopy (only including every other page) of an October 2014 Environmental Assessment prepared for BOP regarding the proposed operation of the Prairie Correctional Facility as a federal immigration detention facility. This known federal document and supporting documents have not been available from any local or state government custodian, but the document on its face clearly originated from BOP and indicates the contractor that prepared the analysis as well as the name of the BOP staff that oversaw its drafting.

15. On January 27, 2026, CURE submitted a FOIA request to BOP seeking:

    1. The October 2014 Environmental Assessment;
    2. The Finding of No Significant Impact (FONSI), and any other documents from that environmental review, such as a scoping decision;

As well as two named documents listed in the partial EA document:

    3. "Corrections Corporation of America (CCA), 2013a. Environmental Assessment, Prairie Correctional Facility, Appleton, Minnesota. Federal Bureau of Prisons"
    4. "Tostenson, Renae. 2014. Superintend[e]nt, Lac qui Parle Valley School District. Personal Communication. September 25, 2014"

16. To assist BOP in efficiently locating and producing the records, CURE provided the partial copy of the October 2014 Environmental Assessment in CURE's possession, and identified both the contractor who prepared the Environmental Assessment and the BOP staff member who was named as overseeing the document.

17. On January 27, 2026, CURE received what appeared to be an automatically-generated response email that stated "The Federal Bureau of Prisons (BOP), FOIA/PA Section has received your email and will respond to you as quickly as possible."

18. On February 13, 2026, CURE received an email regarding the processing of the FOIA request. In that message BOP assigned the request tracking number 2026-02617. The email indicated that "Your request was assigned to the contracts sub-track on the complex track and placed in chronological order based on the date of receipt." And also that "We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office and will require significant time to review. Because of these unusual circumstances, we have extended the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests for contracts may take up to twelve months."

19. On June 17, 2026, CURE contacted BOP's FOIA office by email requesting an update.

20. On June 17, 2026, CURE received what appeared to be an automatically-generated response email identical to the one received on January 27.

21. On July 7, 2026, CURE received an identical email to the one received on February 13, noting the same tracking number, complex processing track, and unusual circumstances.

22. On July 21, 2026, CURE requested an estimated date of completion for request 2026-02617.

23. On August 4, 2026, CoreCivic, the company that owns the Prairie Correctional Facility, announced that it had secured a contract to operate the facility on behalf of federal immigration authorities to house immigration detainees. This press release specified "We expect to begin receiving detainees in the fourth quarter of 2026, with the full ramp estimated to be complete in the second quarter of 2027."

24. On August 5, 2026, CoreCivic announced that it was going to sell the Prairie Correctional Facility to ICE for $495.6 million.

25. On August 11, 2026, CURE received an email update from BOP. This message stated "Your request is in the queue to be processed. Additionally, requests are processed in the order they are received. At this time, we anticipate a completion date of January 11, 2027. Please note, this is only an estimate."

26. CURE has yet to receive any responsive records or a final determination on FOIA Request 2026-02617.

## CAUSE OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

28. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

29. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

30. Twenty working days from January 27, 2026, was February 25, 2026.

31. With an additional ten working days for "unusual circumstances," that date would be March 11, 2026.

32. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

33. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its January 27, 2026, FOIA request, CURE now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

34. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding BOP's past compliance with the National Environmental Policy Act regarding a potential federal detention facility in Minnesota.

35. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to

immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

36. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 24, 2026,

*/s/ Hudson Kingston*
Hudson B. Kingston, DC Bar # 1007702
hudson@curemn.org
Clean Up the River Environment (CURE)
P.O. Box 712
Ely, MN 55731
(320) 269-2984

*Counsel for Plaintiff*